## Bonnel *against* Brotzman.

An indenture dated November 1823, bound the apprentice for 14 years and 23 days from that date. *Held*, it was *primâ facie* evidence that the apprentice continued a minor in 1836.

The relation of master and apprentice, until dissolved by the Quarter Sessions, cannot be questioned in a suit by the master for harbouring his apprentice under the Act of 29th September 1770.

ERROR to the Common Pleas of *Monroe* county.

This was an action of debt brought by Philip Brotzman against Jacob Bonnel and Solomon Westbrook, (the former of whom only was served with the process,) to recover the penalty given by the Act of 29th September 1770, for harbouring, concealing and entertaining one John Houser, the apprentice of Brotzman, the plaintiff. A verdict for the plaintiff was rendered in the court below, for the sum of $387.67, and Bonnel sued out this writ of error. The plea below was *nil debet*.

The plaintiff below, on the trial, proved and read in evidence the indenture executed on the 8th November 1823, by which John Houser, by and with the consent of his mother, as testified by her signing as a witness, put himself apprentice to Philip Brotzman, weaver, to learn his art, trade and mystery, to serve him from that date for and during the full end and term of 14 years and 23 days next ensuing. The instrument was witnessed by the mother, and acknowledged on the same day before a justice of the peace. See 5 *Whart.* 128.

The plaintiff gave evidence, among other things, that in August 1836, Houser left him without his consent, and was employed by the defendant on a job of work on the Lehigh. The defendant was told that Houser was an apprentice, and had left his master, who had followed him as far as Stroudsburg, and told the name of his master (Brotzman). The defendant said it was a pity such a boy as Houser should have a master. The defendant was also heard teasing him about coming away from the constable. The plaintiff further proved his sending for Houser, who wanted to go away, but the defendant said he should stay with him, and if Brotzman troubled him, he would clear him for $20. Houser then stayed. Two of the plaintiff's witnesses, Henry Smith and Jacob Cramer, stated that Houser was a good weaver.

The defendant gave evidence for the purpose of showing the plaintiff's consent to Houser's going to work on the Lehigh.

The defendant offered to prove, that Houser was employed half his time, or nearly half, in farming, working at tanning, and other business for the plaintiff, not mentioned in the indenture, and that

[Bonnel v. Brotzman.]

the plaintiff did not clothe and school the apprentice, nor keep or perform any of his covenants mentioned in the indenture. The offer was made for the purpose of showing that the plaintiff was not entitled to the services of Houser as an apprentice at the time he left him, as well as for the purpose of showing that the apprentice's services as a weaver were not valuable to the plaintiff; and to contradict the evidence of Smith and Cramer. The plaintiff objected, and the court sustained the objection, except so far as the evidence went to contradict the evidence of the apprentice being a good weaver, or understanding his business; but rejected that of the plaintiff's non-performance of the covenants, or employing him in other business. Any evidence to contradict Smith and Cramer was admitted. The defendant excepted.

The defendant called other witnesses, among whom was Houser, the apprentice; and the court (Jessup, President) charged as follows:

The Act of Assembly under which this action is brought, is one of great importance to the community, and as it is now presented to the court for some general considerations by the course of argument, the court call the attention of the jury to the preamble of the Act, which clearly sets forth the evils its provisions were designed to remedy. As the mechanical business of the country has increased, so has the importance of this law, regulating the relation between master and apprentice, defining the duties and protecting the rights of each, increased. At this time the manifest wisdom of its provisions calls upon the court to give to it its proper effect. That section of the statute under which the plaintiff brings this suit is penal and to be construed strictly. Under it, in order to entitle himself to your verdict, it is necessary he should prove

1. That he had a valid indenture of apprenticeship, under which the relation of master and apprentice subsisted between him and John Houser, at the time of the harbouring and entertaining complained of.

2. That *knowing him* to be the apprentice of the plaintiff, the defendant harboured or entertained him.

3. That such harbouring or entertaining was against or without the consent of the plaintiff.

If, from the evidence the jury believe the plaintiff has proved these three points, he will be entitled to a verdict at the rate of twenty shillings per day for each day he so harboured or entertained him.

Upon the first point the defendants contend that there is no proof that Houser was a minor at the time he was in the employment of defendants. The indenture was only binding during the minority of the apprentice; but in the absence of other proof, as between the parties, the statements in the indenture will be sufficient *primâ facie* evidence that he was still a minor. This

indenture, then, was binding and valid until the term mentioned in it expired.

As to the second point. The evidence is that Logan told Bonnel in September 1836, the first week of that month he thinks, that Houser was the apprentice of Brotzman. If you believe this witness, then at that time Bonnel *had knowledge*, within the proper meaning of the Act, sufficient to make him liable for the penalty if he afterwards continued to harbour and entertain the apprentice. Information of a fact communicated by a credible person, is, in general, sufficient knowledge to visit all the consequences of knowing upon the person to whom the communication is made. This is not, as has been argued, a question of notice of the kind in which a party is not bound by the information given by one uninterested, but it is a question of knowledge. If Bonnel knew the fact of his being an apprentice, it is immaterial in what way his information was obtained. Permitting an apprentice to remain in the house, to tarry and lodge there without giving him provisions or employment, would be to harbour him; furnishing him provisions, &c. would be to entertain him. Giving him employment and hiring him to labour, would embrace both the designations of the statute. Under the provisions of this Act, it was the duty of Bonnel, as soon as he discovered that Houser was an apprentice, to discharge him from his service; if he failed to do so, from that time he became liable to the penalty prescribed. The evil complained of in this case is that for remedy of which this law was enacted.

The defendants' counsel have argued some points to the court upon which they have desired their charge to the jury. One is : — that as in this case, Bonnel and Westbrook were jointly sued, and Bonnel only was sued with process, and this suit being against him alone, the plaintiff can recover only for such time as Bonnel *alone* employed the apprentice. The court reply that it is in evidence that Bonnel and Westbrook were partners, and that Houser was employed upon their job on Lehigh, and without saying whether Westbrook, if he had no knowledge of the apprentice being there, would be liable; yet the fact that he was joined in the summons, would not prevent the plaintiff recovering against Bonnel for the time *he knowingly* had him in his service. This action is founded in tort and not in contract, as the case cited by defendant's counsel, from 7 *T. R.* 253, is said to be, and it is well settled that in torts you may recover against some defendants, while no cause of action is made out against others. Two being sued for this penalty could not plead in abatement that others were jointly liable with them to the same penalty.

The only other point, not before sufficiently answered is this: That the words " *any such apprentice*" in the 4th section of the Act under which this suit is brought, refer to an apprentice absconding from the county in which his master lives, and that

[Bonnel v. Brotzman.]

as in this case, the apprentice remained in this county, his master living here, the plaintiff cannot recover. This objection is invalid. The words "such apprentice" refer to apprentices who are bound by indenture according to the provisions of the law.

Errors assigned :

1. The court erred in rejecting the evidence mentioned in the first bill of exceptions.

2. In submitting the question, whether the indenture of apprenticeship was a valid one to the jury, and in saying that the statements in the indenture were sufficient *primâ facie* evidence that John Houser was a minor, &c.

3. In all that they said in regard to Bonnel having knowledge that Houser was an apprentice.

4. In answering the points propounded by the defendant's counsel.

5. The whole tenor of the charge was not warranted by the evidence in the cause, and was calculated to mislead the jury as to the law and the facts of the case.

*Brodhead*, for the plaintiff in error.
*Ihrie* and *Porter, contra.*

The opinion of the Court was delivered by

SERGEANT, J.—The evidence offered and rejected by the court, seems to have been irrelevant in this suit. If the plaintiff had broken his covenants with the apprentice, the apprentice might have applied to the Court of Quarter Sessions for his discharge from the indenture; but till then, it was binding on both parties. It was not a matter in which a third person could interfere between the master and apprentice, collaterally, to justify a violation of the provisions of the Act of Assembly.

The first error assigned in the charge of the court, has been waived on the argument here.

The second error in the charge is not, in our opinion, substantiated. That the apprentice continued a minor in 1836, was fairly inferrible from the circumstance stated in the indenture of his being bound in November 1823, for 14 years and 23 days, which would not expire until the 1st of December 1837. No minor can, by the provisions of the Acts of Assembly, be bound as an apprentice longer than till the age of 21. The presumption is, that acts judicially performed, as this was, before a magistrate acting under authority of law, are rightfully performed till the contrary is shown. It lay upon the defendant to rebut this presumption by showing, if he could, that the apprentice's minority had expired. Against an aggressor on the rights of another, possession alone is *primâ facie* evidence of title. On the same principle, the relation between the master and servant, as it

III. — Q

[Bonnel v. Brotzman.]

existed under and by virtue of the indenture, was evidence against an aggressor till he overthrew it by other proof.

3. The knowledge of the defendant seems to have been demonstrated by very strong evidence, and the court below left it as a fact to the jury. Express notice was given, and it was also in proof, that the defendant dissuaded the apprentice from returning to his master, and encouraged him to continue in his employ.

We perceive no error in any answer of the court, or in the charge to the jury.

Judgment affirmed.